ISAAC H. JONES *vs*. THE PRESIDENT AND DIRECTORS OF THE MECHANICS BANK OF BALTIMORE.—*December*, 1849.

In this case, the question whether money lost at play can be recovered by the loser after it has been paid, in an action for money had and received, was argued, but not decided.

Appeal from *Baltimore* county court.

This was an action of *assumpsit* instituted by the appellant against the appellee. The declaration contains counts for

work and labor, goods sold and delivered, money lent, and money had and received, and also a count upon an account stated. Plea, *non assumpsit*, on which issue was joined.

The plaintiff offered in evidence, by *John Q. Hewlett*, that he was the guardian of plaintiff, and had in his hands, as such guardian, $12,000, on the 15th January, 1845; that on the 2nd of July, when *Jones* was about twenty-six years old, he received of witness, on account of his estate, $1,500, on the 5th of July, $1,800, and on the 9th, $2,000; that witness then went from home, and on returning, about the 2nd of August, plaintiff gave orders to witness to pay the following sums, which he had borrowed during witness' absence : *James Harvey*, $1,500, *Pendexter & Allen*, $400, *J. H. Bleakley*, $1,000, *Smith & Atkinson*, $500, *H. Deford & Co.*, $500, *J. Hartman*, $300, *T. R. Matthews*, $300, *L. Thompson & Co.*, $600, *Murry Jones*, $700. And further proved, by said *Hewlett,* that plaintiff's vision was not good. He then proved, by *Mr. Harvey*, that he lent plaintiff, on 22nd July, 1845, $500, on 25th July, 1845, $1,000 ; and by *Mr. Thompson*, that he lent plaintiff, 17th July, 1845, $300, and on 29th, $300. All of which sums were lent to plaintiff in checks upon the *Union Bank*. And also proved that the defendant, *Perry*, up to this period, was very poor, had no visible means, and was hard pressed for money in small parcels; that he borrowed small sums, and in 1844, $20, which he has never returned. That in the early part of July, 1845, witness suspecting *Jones* of gambling, followed him to the *European House*, where he met *Perry*, and where they drank. *Perry* and *Jones* then went to four other places and drank, *Perry* paying, when witness, being known to and discovered by *Perry*, went away. The plaintiff further proved, by *William James*, that he occupied a room above that in which a faro bank was kept by *George Jones & Campbell;* that from about the latter part of June, 1845, up to the 2nd of August of the same year, *Perry* and the plaintiff were constantly in the habit of visiting said faro bank, sometimes playing all day, they being the only players in the room; that on some occasions plaintiff would bring

to the bank large sums of money, (on one occasion $1,000,) and plaintiff and *Perry* played jointly against the bank, with the money; that on other occasions money was borrowed from the bank, on the credit of the plaintiff, and played with by plaintiff and *Perry;* that this continued until plaintiff lost all his money. *William James* also proved that *Jones* played at said faro bank a few weeks before he commenced playing with *Perry*, in company with one *Shallencoss* and *Morrison*, and that *Jones* was a very inexperienced player, though he sometimes won. *John Q. Hewlett* further proved that *Jones* was a young man, very amiable, and of capacity as good as usual; and further, that on the 7th August, *Perry* came to the *Mechanics Bank*, and brought ten one hundred dollar notes of the *Union Bank*, which he deposited, and on being asked if he would have a book to enter his deposit in, declined; that after some hours, he returned with another $100 of the *Union Bank*, which he also deposited, and said, as it was an old woman's money, he wanted a receipt for it, and a book in his own name. The defendant, *Perry*, gave no evidence of how or when he had obtained this money. The plaintiff further proved that no demand has been made for said money by any one since said deposit was made. And also by *F. P. Lovegrove*, that about the 25th July, 1845, a bill of *Perry's* was presented to witness, by an officer, for $1.75; that witness remonstrated with said *Perry* about so acting, upon which he stated that his necessities obliged him to do so.

The plaintiff having abandoned all of the counts in the nar, except that for money had and received, defendant prayed the court to instruct the jury:

1st. That there is no evidence to sustain the count for money had and received by the defendant, for the use of the plaintiff.

2nd. That if the jury should believe, from the evidence, that the bank notes deposited by *Perry* in the *Mechanics Bank*, were won by the said *Perry* from the plaintiff at play, yet the plaintiff cannot recover in this form of action.

The court (LE GRAND, J.,) granted the first, and refused

the second prayer; whereupon the plaintiff excepted, and appealed to this court.

The cause was argued before Dorsey, C. J., Spence, Magruder and Frick, J.

By Geo. H. Richandson, Attorney General, for the appelant, and

By T. P. Scott and Chas. H. Pitts, for the appellees.

Martin, J., delivered the opinion of this court.

It is to be observed in this cause, that there is not a particle of evidence to be found in the record, from which the jury could find that the money in controversy, or, indeed, any money was won at play from the appellant, by *Robert Perry.* It was shown by the proof in the cause, as exhibited by the appellant himself, that the appellant and *Perry* played conjointly against the faro bank, with the money of the former, but that they did not play against each other. It is apparent, therefore, that the proposition argued at the bar, with respect to the question whether money lost at play can be recovered back by the loser, after it has been paid, in an action for money had and received, is a mere abstract point, upon which it does not become this court to express an opinion.

In the argument of this cause, the counsel for the appellant relied upon the two following propositions: *First.* That there was evidence in the cause to go to the jury, that the money deposited in the *Mechanics Bank*, by *Perry*, was the money of the appellant. *Secondly.* That there was evidence to go to the jury, that the said money was obtained from the appellant by a fraudulent conspiracy between *Perry*, *Campbell* and *James*, the two latter mentioned in the record as the keepers of a faro table.

We are satisfied, after a careful examination of the facts detailed in the bill of exceptions, that neither of the above positions can be maintained. Evidence was introduced by the appellant, showing that in the month of July, 1845, he bor_

rowed from various persons in *Baltimore*, large sums of money, and received from them checks for the sums loaned, on the *Union Bank*. But we look in vain in the record, for any testimony from which the jury could find that these sums were drawn by the appellant from the *Union Bank*, in bank notes corresponding in their denomination with those deposited in the *Mechanics Bank* by *Perry;* and not a single fact or circumstance was produced from which the jury could infer that the money borrowed by the appellant, from the different individuals mentioned in the exception, ever reached the possession of *Perry*. The same difficulty exists with respect to the second point made by the counsel for the appellant. No connection or association in the faro bank, or its profits, was shown to have existed between *Perry, Campbell* and *James,* the two latter being the keepers of the table. And it is impossible to discover in the record any fact from which an intelligent and rational mind could deduce the inference that the money in controversy was obtained from the appellant by a fraudulent conspiracy in which *Perry* participated.

We find from the record, that the appellee, at the trial of the cause in the court below, asked the court to give to the jury the following instructions: *First*. That there is no evidence to sustain the count for money had and received by the defendant, for the use of the plaintiff. *Secondly*. That if the jury should believe, from the evidence, that the bank notes deposited by *Perry* in the *Mechanics Bank,* were won by the said *Perry* from the plaintiff at play, yet the plaintiff cannot recover in this form of action.

We have already said that there was, in this case, a total failure of evidence upon the part of the plaintiff, and upon this ground the county court were clearly right in granting the defendant's *first* prayer. They were correct, also, in rejecting the defendant's *second* prayer. For, assuming that the case, as presented by the plaintiff, was entirely unsupported by testimony, it is obvious that the point raised by the defendant's second prayer was merely abstract and speculative, and, as as such, should not have been entertained by the court.

Upon these grounds we shall direct the judgment of the court below to be affirmed. We desire, however, to be understood as intimating no opinion with reference to the various legal propositions raised and discussed at the bar. They are not before us according to the view we have taken of the evidence in the cause, and any opinions we might express, with respect to these questions, could be regarded as no more than the mere *dicta* of the court.

JUDGMENT AFFIRMED.